**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LAURA M. DALESSIO,**

    Plaintiff,

v.                                       Case No.  8:10-cv-1841-T-30MAP

**CLARKS PURE SERVICE, et al.,**

    Defendants.

_____/

**ORDER**

      THIS CAUSE comes before the Court upon Plaintiff's Motion for Entry of Default Final Judgment (Dkt. 9).  The Court, having considered the motion and supporting documentation, and being otherwise advised on the premises, finds that the motion should be granted in part and denied in part.

      Plaintiff seeks entry of default final judgment against Defendants Clarks Pure Service and Michael M. Clarke for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. (the "FLSA").  Specifically, Plaintiff seeks $4,650.00 in unpaid overtime compensation, $4,650.00 in liquidated damages.  Defendants have failed to retain counsel or timely respond to Plaintiff's Complaint.  Clerk's Default was entered against both Defendants on October 4, 2010.

      Pursuant to 29 U.S.C. § 216(b), an employer who willfully fails to appropriately pay overtime compensation is liable to the affected employee for an additional equal amount as

liquidated damages. An employer may avoid paying liquidated damages by showing it had reasonable grounds for believing the act or omission giving rise to the FLSA claim was both in good faith and predicated upon reasonable grounds. *See* 29 U.S.C. § 260. According to the Eleventh Circuit, an employer seeking to avoid liquidated damages in an FLSA case bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). Upon review of Plaintiff's affidavit, and considering Defendant's failure to respond, the Court determines Plaintiff is entitled to an award of $4,650.00 in unpaid overtime, and an additional $4,650.00 in liquidated damages.

Plaintiff also seeks an award of attorney's fees and costs. According to the affidavit and time records submitted by Plaintiff, Plaintiff's attorney spent 4.8 hours working on this case at a rate of $300 per hour. A paralegal spent an additional 3.5 hours working on this case at a rate of $95 per hour. The Court finds these rates to be reasonable. However, the Court finds that the amount of costs requested is unreasonable. The Court declines to award costs for long distance charges or postage. In addition, the Court will not award costs for other unexplained costs, such as travel expenses for a person apparently unrelated to this action and miscellaneous reimbursements. Accordingly, the Court reduces the amount of costs by $74.42.

It is therefore ORDERED AND ADJUDGED that:

1.      Plaintiff's Motion for Entry of Default Final Judgment (Dkt. 9) is **GRANTED in part and DENIED in part** as set forth herein.

      2.      The Clerk is directed to enter a **FINAL DEFAULT JUDGMENT** in favor of Plaintiff, Laura M. Dalessio, and against Defendants, Clarks Pure Service and Michael M. Clark, in the total amount of $11,422.50, which includes $4,650.00 in unpaid overtime compensation, $4,650.00 in liquidated damages, $1,772.50 in attorney's fees, and $350.00 in costs.

      3.      All pending motions are denied as moot.

      4.      The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on November 19, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-1841.default 9.frm